**MICHIGAN BELL TELEPHONE COMPANY, Plaintiff–Appellant,**

v.

**Laura CHAPPELLEE, et al., Defendants–Appellees.**

No. 02–2168.

United States Court of Appeals, Sixth Circuit.

March 23, 2004.

Theodore A. Livingston, J. Tyson Covey, Mayer, Brown, Rowe & Maw, Chicago, IL,

Jeffery V. Stuckey, John M. Dempsey, Susan G. Schwochau, Dickinson, Wright, Lansing, MI, for Plaintiff–Appellant.

David A. Voges, Asst. Atty. General, Michael A. Nickerson, Office of the Attorney General, Lansing, MI, for Defendants–Appellees.

Before MERRITT and DAUGHTREY, Circuit Judges, and HOOD, District Judge.*

## OPINION

PER CURIAM.

In this appeal, we are called upon to consider the district court's denial of summary judgment for Plaintiff–Appellant upon which the district court affirmed the administrative decision of the Michigan Public Service Commission. Having had the benefit of oral argument and having carefully considered the record on appeal, the briefs of the parties, and the applicable law. we are not persuaded that the district court erred in denying summary judgment to Plaintiff–Appellant or in affirming the administrative decision of the Michigan Public Service Commission.

Because the reasoning which supports the denial of summary judgment and the decision to affirm the underlying administrative decision has been articulated by the district court, the issuance of a detailed written opinion by this court would be duplicative and serve no useful purpose.[1] Accordingly, the judgment of the district court is affirmed upon the reasoning employed by that court in its Opinion and Order dated August 12, 2002, denying Plaintiff–Appellant's motion for summary judgment and affirming the Michigan Public Service Commission's administrative decision.

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1. Since the district court entered its opinion and on the eve of oral arguments before this Court, the D.C. Circuit Court rendered its decision in *United States Telecom. Ass'n v. FCC,* vacating portions of the FCC's *Review of the Section 251 Unbundling Obligations of Incumbent Local Exchange Carriers. United States Telecom. Ass'n v. FCC,* No. 00–1012 (March 2, 2004); *Review of the Section 251 Unbundling Obligations of Incumbent Local Exchange Carriers,* 18 FCC Red. 16,978 (2003) (the *"Triennial Review Order").* Based on that decision, Appellant suggests that the district court's decision must be reversed. We disagree, noting that the D.C. Circuit's opinion does not forbid the use of unbundled shared transport for transiting or the provision of unbundled operator services/directory assistance. To the extent that the D.C. Circuit's decision addresses the FCC's definition of impairment, its application of that standard on a national level, and the lawfulness of "subdelegation of the Commission's § 251(d)(2) responsibilities [to state commissions] ... to determine whether [competing local-exchange carriers] are impaired without access to network elements," we note that Appellant did not raise these issues below and may not argue those issues on appeal that it did not raise below, including the lawfulness of the impairment criteria that yielded the commission's decision and the authority of the commission to conduct that analysis. *See id.* at 12, 18–26. This is not to say that D.C. Circuit's decision has no bearing on Plaintiff–Appellant's application to the Michigan Public Service Commission, only that those issues must first be presented before the state commission.